IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

RECEIVED

United States of America ex rel.)

FLORA KARALL # K00093,

PETITIONER,

OCT 3 0 2007
OCT. 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

VS.

07CV6125
JUDGE PALLMEYER
MAG. JUDGE MASON

MARY SIGLER, Warden of
Dwight Correctional Center,
RESPONDENT, and

LISA MADIGAN, Attorney
General of the State of
Illinois.

) Case Number of
) State Court
) Conviction :
) 92-CR-27510

PETITION FOR WRIT OF HABEAS CORPUS

1. Name and location of court where conviction entered : Cook County courthouse, 2650 S. California Ave., Chicago, Illinois 60608.

2. Date of judgment of conviction : October 20, 1995.

3. Sentence imposed : 32 years.

4. Offense of which petitioner was convicted: Solicitation of Murder for Hire.

5. What was your plea? Not guilty.

PART I- TRIAL AND DIRECT REVIEW

1. Kind of trial: Jury.

2. Did you testify at trial? No.

3. Did you appeal from the conviction or sentenced imposed? Yes.
   (a.) Name of court: The Illinois Appellate Court, First District, Chicago, Illinois.
   (b.) Result: Affirmed.
   (c.) Date of ruling: June 12, 1997
   (D.) Issue raised: It was improper and highly prejudicial to allow admission of evidence of other crimes at Defendant's trial where such evidence was not relevant to a determination of whether Defendant had committed the offense with which she was charged.

2

(d.) Issue raised: The trial court abused its discretion in sentencing Defendant, a first time offender and mother who clearly had considerable potential for being a productive member of society, to a term of 32 years imprisonment.

4. Did you appeal, or seek leave to appeal to the highest state court? No.

5. Did you petition the United States Supreme Court for a Writ of Certiorari? No.

## PART II - COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court? Yes.

(a.) Name of court: Cook County Circuit Court, First Judicial District, Chicago, Illinois.

(b.) Date of filing: January 15, 1997.

(c.) Did you receive an evidentiary hearing on your petition? No.

(d.) What was the court's ruling? Dismissed.

(e.) Date of court's ruling: August 25, 1997.

(f.) Did you appeal from the ruling on your petition? Yes.

(1.) What was the result? Affirmed.

(2.) Date of decision: June 2, 1999.

(g.) Did you appeal, or seek leave to appeal this decision to the highest state court? Yes.

(1.) What was the result? Denied.

(2.) Date of decision: October 6, 1999

2. With respect to this conviction or sentence, have you filed a petition in a state court using any other form of post-conviction procedure, such as coram nobis or habeas corpus? Yes.

(a.) Nature of proceeding: filed A petition for relief from judgment, a state habeas corpus petition, a motion for substitution of judge,

a motion to vacate void judgment,
and a motion to dismiss indictment.
     (b.) Date petitions and motions
filed : November 26, 2002.
     (c.) Ruling on petitions and
motions filed : Dismissed.
     (d.) Date of ruling : March 13,
2003.

3. With respect to this conviction or
sentence, have you filed a previous
petition for habeas corpus in federal
court ? yes.
     (a.) Name of court : The United
states District court, Cook County,
Northern District of chicago, Illinois.
     (b.) Case number : 05 C 1063
     (c.) Did the court rule on your
petition ? yes.
     (1.) Ruling : Dismissed.
     (2.) Date of ruling : May 26,
2005.

4. With respect to this conviction or
sentence, are there legal proceedings
pending in any other court, other than
this petition ? yes.

(a.) Currently pending in the United States Supreme Court, filed February 20, 2007, is my Writ of certiorari in reference to this issue.

(b.) Currently pending in the Appellate Court, First District Appeal Numbers 06-2463 and 06-3271, are other issues raised.

## PART III - Petitioner's Claim

1. I believe that I am being held unlawfully on the following ground:

(A.) Ground One: Petitioner/Plaintiff, Flora Karall is being unlawfully held in the Dwight Correctional Center in Dwight, Illinois.

TO WIT: The Respondent, Mary Sigler, Warden of Dwight Correctional Center does not have jurisdiction to hold Petitioner/Plaintiff against her liberty because of the corruption that occurred before, during, and after her conviction in Cook County.

Evidence of this corruption

can be clearly seen in the documentation provided within this federal habeas corpus petition.

On November 5, 1992, while exiting an elevator in a huge office building not in the commission of any crime, two detectives from the area 6 Chicago Police Department approached and arrested Ms. Karall. Ms. Karall was then detained at the area 6 Chicago Police Department on a no bond status and charged with solicitation to Murder by way of information solely based on alleged written statements that today do not exist. (see Exhibit A) On December 2, 1992, the charge of solicitation to Murder had been changed to solicitation of Murder for Hire by way of indictment. (see Exhibit B)

On September 22, 2004, Ms. Karall requested by way of letter copies of the alleged written statements allegedly made by persons named Pasquale Cordoza, Mark Fairchild, Carl Gerger, and any other alleged written statements in her case file 92-CR-27510 at the Cook

7

County Clerk's office. (see Exhibit C) Ms. Karalls' request for these alleged written statements had been denied on October 25, 2004. (see Exhibit D) Ms. Karall filed a Notice of Appeal on November 18, 2004 on the denial. (see Exhibit E) On May 19, 2005, Ms. Karall received transcripts dated October 22, 2003 of which would have been a full 11 months before Ms. Karall had made her request for these alleged written statements. (see Exhibit F)

On June 30, 2006, Ms. Karalls' Appellate Attorney filed a Motion To Withdraw As Appointed Counsel On Appeal <u>Based Upon Pennsylvania v. Finley (481 U.S. 551)</u>. (see Exhibit G) On August 3, 2006, Ms. Karall filed a Response To Motion To Withdraw As Appointed Counsel On Appeal <u>Based Upon Pennsylvania v. Finley (481 U.S. 551)</u>. (see Exhibit H) On September 22, 2006, the Appellate Court granted the Motion of the Public Defender for Leave to Withdraw as counsel. (see Exhibit I) Ms. Karall proceeded to file her appeal in the

Supreme Court of Illinois and the appeal was denied on January 24, 2007. (See Exhibit J)

Ms. Karall was denied her Constitutional right to obtain copies of the alleged written statements of persons named Pasquale Cordoza, Mark Fairchild, Carl Gerger, and any other alleged written statements allegedly within her case file 92-CR-27510 at the Cook County Clerk's office. The Freedom of Information Act clearly states "Pursuant to the fundamental philosophy of the american constitutional form of government, it is declared to be the public policy of the state of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the officials and public employees consistent with the terms of this act." 5 ILCS 140/1 §1

Moreover, the Freedom of Information Act was enacted to provide all persons access to information regarding affairs of government and should be construed toward the end. <u>Schessler v. Department of conservation</u>, 194 Ill. Dec. 608, 256 Ill.

9

App. 3d 198, 627 N.E. 2d 1250.

Furthermore, the Federal Court's have the jurisdiction to intervene in legal matters such as this. It clearly states in 28 U.S.C.S. § 2254 (f) under title "State Custody", remedies in Federal courts," "If the applicant challenges the sufficiency of the evidence adduced in such state court proceeding to support the state court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the state shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight

shall be given to the state court's factual determination."

Therefore, it being established that Ms. Karall has authorization to obtain copies of all alleged written statements within her case file through the Freedom of Information Act and state courts; remedies in Federal courts, we move on to the issue of the circuit clerk's office not having these alleged written statements.

According to the Brief in Support of Motion to Withdraw as Counsel on Appeal pursuant to <u>Pennsylvania V. Finley</u>, it states on page 2 of the argument that "The problem with this request is that the items that Karall requests are not in the clerk's office case file..." and also "...if they exist..." (see Exhibit G) This presents a serious question as to whether these alleged written statements that allegedly gave the Chicago Police Department probable cause to arrest Ms. Karall ever existed. Moreover, raising serious unconstitutional

issues to be considered. Afterall, a police detective at Ms. Karall's trial testified that it was only the statement from a person named Pasquale Cordoza in September of 1992 that launched the solicitation of Murder for Hire investigation and arrest of Ms. Karall on November 5, 1992. Pasquale Cordoza never testified at Ms. Karall's trial and the alleged written statements allegedly made by persons named Mark Fairchild and Carl Gerger were allegedly made after, not before, Ms. Karall's arrest on November 5, 1992.

   According to 725 ILCS 5/116-4(b) "After a judgment of conviction is entered, the evidence shall be impounded with the clerk of the circuit court..." and "Retention shall be until the completion of the sentence, including the period of mandatory supervised release for the offense or January 1, 2006, whichever is later..." Therefore, where are these alleged written statements? Did they ever

12

exist in the first place? Furthermore, Ms. Karall has been trying to obtain copies of these alleged written statements from both her trial attorney's and appellate defender's since her arrest on November 5, 1992 but has never received any such copies.

Now that it has been established that the alleged written statement from Pasquale Cordoza does not exist, we move on to the unconstitutional issue of the chicago Police Department not having probable cause to arrest Ms. Karall. As mentioned In re D.C., 144 Ill.2d at 410, 163 Ill. Dec. 494, 581 N.E.2d 648 "Where there is uncertainty as to whether a crime has been committed, the privacy rights of the individual may be given more consideration. Therefore, where the question is (1) whether a crime has been committed, and (2) whether a particular individual committed a known crime, as in this case, more evidence will be required to satisfy the probable cause requirement." see also People v. Lee,

293 Ill. Dec. 267, 828 N.E.2d 237 (2005). Therefore, the probable cause requirement to arrest Ms. Karall was not satisfied because no alleged written statement by a person named Pasquale Cordoza exists today and Ms. Karall was not committing any crime at the time of her arrest.

As further mentioned in <u>Terry v. U.S.</u>, 392 U.S. at 20, 88 S.Ct. at 1879 "The reasonableness of a <u>Terry</u> stop is dependent upon whether the officer's action was: (1) justified at its inception; and (2) reasonably related in scope to the circumstances which justified the interference in the first place." See also <u>People v. Gonzalez</u>, 204 Ill.2d 220, 228-29, 273 Ill. Dec. 360, 789 N.E.2d 260 (2003). Likewise, in <u>People v. Hopkins</u>, 363 Ill. App.3d 971, 981, 300 Ill. Dec. 772, 845 N.E.2d 661 (2005) "A <u>Terry</u> stop must be objectively reasonable and predicated on specific and articulable facts that, taken together with the resulting inferences, would warrant the intrusion."

When considering a probable cause unconstitutional issue, the "Fruit of Poisonous Tree Doctrine" must also be examined. In Black's Law Dictionary, the Fruit of Poisonous Tree Doctrine is defined as "Evidence which is spawned by or directly derived from an illegal search or illegal interrogation is generally inadmissable against the defendant because of its original taint..." and "This doctrine is generally applied to cases involving searches in violation of the Fourth Amendment to the constitution right against unlawful searches and seizures, but it can be applied to searches in violation of a statutory right." See Wong Sun v. U.S., 371 U.S. 471, 83 S. Ct. 407; See also U.S. v. Patane, 124 S. Ct. 2620, 2621, 542 U.S. 630 (U.S. 2004); Oregon v. Elstad, 105 S. Ct. 1285, 1289, 470 U.S. 298 (U.S. Or. 1985); Segura v. U.S., 104 S. Ct. 3380, 3385, 468 U.S. 796 (U.S.N.Y. 1984).

When probable cause is in question, it is at that specific point

in time or at the time of arrest that the entire case becomes tainted. As in Ms. Karall's case applying the fruit of poisonous tree doctrine, she was arrested based on a written statement that today does not exist, illegally searched, and illegally interrogated while at the Chicago Police Station.

Now we need to address the unconstitutional issues of perjury and fraudulent concealment in regard to these alleged written statements that may have never existed in the first place. Afterall, there were chicago Police Detectives that testified at Ms. Karall's trial committing perjury as to the existence of alleged written statements that today do not exist. As mentioned in 720 ILCS 5/32-2 "A person is guilty of perjury if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement

previously made, when the statement is material and he does not believe it to be true." Moreover, perjury is a class (3) felony. The state further encouraged this perjured testimony at Ms. Karall's trial of which is a class (4) felony for the offense of subornation of Perjury. As it states in 720 ILCS 5/32-3 "A person commits subornation of perjury when he procures or induces another to make a statement in violation of section 32-2 which the person knows to be false." See People v. Junior, 285 Ill. Dec. 388, 811 N.E.2d 1267 (Ill. App. 4 Dist. 2004); People v. Hilliard, 65 Ill. Dec. 343, 441 N.E.2d 135 (Ill. App. 1 Dist. 1982); People v. Griswold, 44 Ill. Dec. 858, 411 N.E.2d 1224 (Ill. App. 3 Dist. 1980); Lewis v. Illinois, 368 U.S. 876, 82 S.Ct. 124 (U.S. 1961); Johnson v. Steiner, 133 Ill. Dec. 668, 126 Ill. 2d 559, 541 N.E.2d 1106.

Moreover, in a deliberate and blatant attempt to keep Ms. Karall in prison, the state fraudulently

concealed the fact that these alleged written statements never existed. As defined in Black's Law Dictionary, Fraudulent concealment is "The hiding or suppression of a material fact or circumstance which the party is legally or morally bound to disclose. The employment of artifice planned to prevent inquiry or escape investigation and to mislead or hinder the aquisition of information disclosing a right of action; acts relied on must be of an affirmative character and fraudulent." See People v. B.R. Mackay & Sons, Inc., 157 Ill.2d 508, 642 N.E.2d 1288 (Ill. 1994); Waters v. Reingold, 215 Ill. Dec. 376, 668 N.E.2d 126 (Ill. App. 1 Dist. 1996); Jackson Jordan, Inc. v. Leydig, Voit & Mayer, 198 Ill. Dec. 786, 633 N.E.2d 627 (Ill.1994); Hermitage Corp. v. Contractors Adjustment Co., 209 Ill. Dec 684, 651 N.E.2d 1132 (Ill. 1995); Schmitz v. Hoffman, 18 Ill. Dec. 569, 61 Ill. App. 3d 130, 377 N.E.2d 1205; Nogle v. Nogle, 53 Ill. App.2d 457, 202 N.E.2d 683 (Ill. App. 1964).

Furthermore, what was the state's objective or motive by allowing

18

such fraudulent testimony at Ms. Karall's trial? Afterall, it was only the state that claimed through testimony under oath in open court that these alleged written statements existed at one point in time. Therefore, is the state saying today that these alleged written statements have either been destroyed or are missing?

If so, it states in 720 ILCS 5/32-7 "Tampering with Public Records. A person who knowingly and without lawful authority alters, destroys, defaces, removes or conceals any public record commits a class 4 Felony."

Likewise in 5 ILCS 160/11 it states "Violation. All records made or received by or under the authority of or coming into the custody, control or possession of public officials of this state in the course of their public duties are the property of the State and shall not be mutilated, destroyed, transferred, removed or otherwise damaged or disposed of, in whole or in part except as provided by law. Any person

who knowingly and without lawful
authority alters, destroys, defaces,
removes, or conceals any public record
commits a class 4 Felony."

It should be noted that Ms. Karall
has never been notified by anyone
that these alleged written statements
were going to be destroyed. As
mentioned in 725 ILCS 5/116-4(c)
"After a judgment of conviction is
entered, the law enforcement agency
is required to retain evidence described
in subsection (a) may petition the court
with notice to the defendant or, in cases
where the defendant has died, his estate,
his attorney of record, or an attorney
appointed for that purpose by the court
for entry of an order allowing it to
dispose of evidence..."

Likewise in 725 ILCS 5/116-4(d-10)
it states "All records documenting the
possession, control, storage, and
destruction of evidence and all police
reports, evidence control or inventory
records, and other reports cited in
this section, including computer records,

20

must be retained for as long as the evidence exists and may not be disposed of without the approval of the Local Records Commission."

Therefore, the state can not have it both ways. So, which is it? Did these alleged written statements ever exist or not? Either way you look at it, Ms. Karall's Fourth and Fourteenth Constitutional Amendment rights have been violated and even worse, laws have been broken in this case. Therefore, warranting this appeal to be heard. See U.S.C.A. 4; U.S.C.A. 14, sect. 1; IL const. Art. 1 § 2; IL const. Art. 1 § 6.

It should further be noted that both Ms. Karall's entire case file along with these alleged written statements are today missing and can not be located at the Cook County Clerk's office. In briefly referring to the case of People v. Blaylock, 269 Ill. Dec. 490, 781 N.E.2d 287 (Ill. 2002), The defendant appealed to the Illinois Supreme Court claiming his due

process rights of the Fourteenth Constitutional Amendment had been violated because his entire case file at the Vermillion County Clerk's office had been missing. The supreme Court of Illinois agreed that the defendants due process rights had been violated but his appeal had been dismissed because his entire case file at the Vermillion County Clerk's office had strangely reappeared. Whereas in Ms. Karall's case, her entire case file and these alleged written statements are still missing today.

Thus, in relying on People v. Blaylock, 269 Ill. Dec. 490, 781 N.E.2d 287 (Ill. 2002) Ms. Karall's due process rights are being violated and warrant serious examination by this Honorable Court. See also People v. Shum, 278 Ill. Dec. 14, 17, 797 N.E.2d 609 (Ill. 2003); People v. Moore, 278 Ill. Dec. 36, 38, 797 N.E.2d 631 (Ill. 2003); People v. Mata, 289 Ill. Dec. 461, 463, 819 N.E.2d 1261 (Ill. App. 2 Dist. 2004); People ex rel. Yohe v. Hubble, 378 Ill. 377, 38 N.E.2d

38 (Ill. 1941); Palmer v. Liquor Control
Commission, 33 Ill. Dec. 100, 105, 396
N.E.2d 325 (Ill. App. 4 Dist. 1979); Will
County v. Woodhill Enterprises, Inc., 274
N.E.2d 476, 481, 4 Ill. App.3d 68, 74 (Ill.
App. 3 Dist. 1971); Hendle v. Stevens, 145
Ill.2d 634, 596 N.E.2d 628 (Ill. 1992);
Micheal v. First Chicago Corp., 93 Ill. Dec.
736, 487 N.E.2d 403.

Finally, it was a clear obstrution
of justice to have conducted an illegal
arrest, illegal indictment, and illegal
trial on Ms. Karall when taking into
consideration the only evidence of
alleged written statements does not
exist today.

As mentioned in U.S. v. Peristein,
126 F.2d 789 (C.A.3 1942) "The
substantive offense punished by
federal statute regarding the
obstruction of due administration
of justice is the obstruction of
justice or the endeavor to obstruct
it before a United States Commissioner
or in a court of the United States."
See also 18 U.S.C.A. § 1503; U.S. v. Bolden,

23

277 F. Supp. 2d 999, 1011 (E.D. Ark. 2003);
U.S. v. Messerlian, 832 F.2d 778, 792
(3rd Cir. (N.J.) 1987); U.S. v. Smith,
729 F. Supp. 1380, 1384 (D.D.C. 1990);
U.S. v. Kanchanalak, 37 F. Supp. 2d 1, 5
(D.D.C. 1999).

Furthermore, how could a determination
be made to arrest Ms. Karall when the
only evidence of alleged written
statements may not have existed at
the time of her arrest?

As mentioned in U.S. v. Natale,
526 F.2d 1160 (C.A. N.Y. 1975) "... (t)he
requirement of authentication or
identification as a condition precedent
to admissibility is satisfied by
evidence sufficient to support a
finding that the matter in question
is what its proponent claims." See
also U.S. v. Lombardozzi, 491 F.3d 61, 68
(2nd Cir. (N.Y.) 2007); U.S. v. Chen, 378
F.3d 151, 160 (2nd Cir. (Conn.) 2004);
Chemical Bank v. Dana, 4 Fed. Appx. 1,
7 (2nd Cir. (Conn.) 2001); U.S. v. Chen,
283 F. Supp. 2d 664, 671 (D. Conn. 2003);
U.S. v. Kramer, 499 F. Supp. 2d 300, 303
(E.D.N.Y. 2007).

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction? Yes.

## PART IV - REPRESENTATION

(A) At preliminary hearing: Edwin Belz.
(B.) At arraignment and plea: Edwin Belz.
(C.) At trial: Naomi Banks.
(D.) At Sentencing: Naomi Banks.
(E.) On Direct Appeal: R.H.R. Silvertrust.
(F.) Direct Appeal on Post-Conviction: Pamela Z. O'Shea.
(G.) Direct Appeals Numbers 06-2463 + 06-3271 (consolidated): Michelle Kalisiak. Currently Pending: Appellate Court.

## PART V - FUTURE SENTENCE

1. Do you have any future sentence to serve following the sentence imposed by this conviction? No.

WHEREFORE, petitioner prays that

25

this Honorable Court grant petitioner all relief to which she may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ ~~Flora Karall~~ # K00093
   Petitioner
   Dwight Correctional Center
   23813 E. 3200 North Rd.
   Dwight, IL 60420-8144

26

# AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, _Flora Karall_____, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this _25th_ day of _October_____, 200_7_.

_Flora Karall ⚹K00093_____

Affiant

## EXHIBIT (A)

### PETITIONER'S ARREST REPORT

**CHICAGO POLICE ARREST REPORT** 11.420 (REV. 6/92)

| 1. NAME (LAST - FIRST - MIDDLE) | | 2. SEX | 3. RACE | 4. AGE | 5. DATE OF BIRTH DAY MONTH YEAR |
|---|---|---|---|---|---|
| KARALL, Flora, H. | | F | 2 | 28 | 22 Feb 64 |

B. NO. **256 411**

| 7. ALIAS OR NICKNAME | 8. DIST./RES. | 9. HGHT. | 10. WEIGHT | 11. HAIR | 12. HAIR STYLE | 13. EYES | 14. COMPLEXION |
|---|---|---|---|---|---|---|---|
| | 016 | 5'4 | 110 | Brn | PonyTail | Bru | Fair |

I.D. NO. 01013791

| 16. RESIDENCE ADDRESS | APT. NO./FLOOR | 17. DISTING. MARKS, SCARS, DISABILITIES, ETC. | 18. SOCIAL SECURITY NO. |
|---|---|---|---|
| 7206 W. Wellington St. | 3B | | 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 |

| 16A. CITY / STATE | ZIP CODE | HOME TELEPHONE | 20. STATE/PLACE OF BIRTH | 21. DRIVERS LICENSE NO. - ° | STATE |
|---|---|---|---|---|---|
| Chicago Ill. | | (312) 637-8776 | Chgo,Ill. | K640-2536-4653 | |

I.D. NO. 432 665

| 22. OCCUPATION | 24. BUSINESS NAME - ADDRESS | | CITY - STATE   ZIP CODE | BUSINESS TELEPHONE |
|---|---|---|---|---|
| None | Unemployed | | | ( - ) |

| 26. NO. ARRESTED | 27. LOCATION CODE FOR NATURE OF PREMISES | 28. BEAT OF ARREST | 29. DATE OF ARREST DAY MONTH YEAR | TIME | 30. ARRESTEE TRANSPORTED TO UNIT   BY BEAT   TIME |
|---|---|---|---|---|---|
| 2 | 100 | 2312 | 5 Nov 92 | 1832 | 662   5686   1836 |

T-SITES OF ARREST **4759 N. Broadway**

| 21A. WEAPON | | | | | COLOR | STATE LICENSE NO. OR V.I.N. | | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|---|---|---|
| ☒ PISTOL-REVOLVER | ☐ RIFLE SHOT-GUN | ☐ KNIFE | OTHER (SPECIFY) **None** | | | | | |

33. PROPERTY INVENTORY NO(S).

24. FOR NARCOTIC ARREST ☐ SUSPECT CANNABIS ☐ SUSPECT CONTROLLED SUBSTANCE

APPROX. WT./ NO. PILLS  EST. STREET VALUE - CALL ORG. CRIME, PAX 0-662  $

VEHICLE IF STOLEN | YEAR | MAKE **DNA** | MODEL | BODY STYLE |

| PERSON IN INVESTIGATIVE UNIT NOTIFIED | UNIT NOTIFIED | TIME | 37. DOES ARRESTEE HAVE DEPENDENT CHILDREN ☐ YES ☐ NO **Doesn't have custody** | IF YES - NAME OF Y D MEMBER NOTIFIED - TIME | 38. NAME OF A.S. A/FEL. REV. LeFrance | CHARGES APPROVD ☐ YES ☐ NO | TIME 2150 |
|---|---|---|---|---|---|---|---|
| Det. Kurth #20888 | | | | | | | |

VICTIM NAME | SEX | RACE | AGE |

INJURED ☐ YES ☐ NO   IF YES - DESCRIBE INJURIES

VICTIM HOSPITALIZED ☐ YES ☐ NO ☐ TREATED & RELEASED

ES ☐ NO

| 40. REFERENCES (CH. - PAR.) | 41. OFFENSES | 42. DISPOSITIONS | | 40. REFERENCES (CH. - PAR.) | 41. OFFENSES | 42. DISPOSITIONS |
|---|---|---|---|---|---|---|
| Chap 38 sec 8-1.1 | Solicitation to Murder | | 5 | ✗✗✗✗✗✗✗✗✗✗✗✗✗ | | |
| Chap 38 sec 19-1a | Burglary | | 6 | Chap 38 sec 26-1a4 | State Disorderly Conduct | |
| Chap 56½ sec 1401-aD | Delivery Cont. Substance | | 7 | Chap 56½ sec 1401-aD | Delivery Cont. Substance | |
| Chap 38 sec 19-1a | Burglary | | 8 | | | |

NARRATIVE (The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following:)

On the 7th of January 1990, 17 February 1990 and 27 March 1992, the arrestee was in

possession of narcotics, and delivery on those dates.

THE ABOVE CHARGES INVOLVE SEVREAL MONTHS OF INVESTIGATION INTO THE STALKING OF THE VICTIM,

LEO KARALL, BY HIS ESTRANGED WIFE, FLORA KARALL, AND HER BOYFRIEND, WILFRED PELLETIER.

NARRATIVE CONTINUED TO PAGE TWO OF THIS ARREST REPORT.

DO NOT RELEASE THIS INDIVIDUAL, HOLD PAST COURT CALL REQUESTED BY AREA 6 VIOLENT CRIMES.

I do solemnly, sincerely, and truly declare and affirm that the facts stated herein are accurate to the best of my knowledge.

| ARRESTING/APPEARING OFFICER'S SIGNATURE | STAR NO. 20888 | UNIT A/6 V.C. | DEPUTY CLERK'S SIGNATURE | | STAR/EMPL. NO. 871 |
|---|---|---|---|---|---|

| STAR/APPEARING OFFICER - PRINT NAME Det. Karl KURTH | BEAT NO. 5686 | FURLO. | D.O. GRP. 7 | MISD./ORD. CRT. KEY | 45. SECOND ARRESTING OFFICER - PRINT NAME - STAR NO. 20330 Det. James SPENCER 20849-662 | 46. VEHICLE ASSIGNED ☐ P.O. ☐ N.O. ☐ OTHER |
|---|---|---|---|---|---|---|

TRIAL APPROVAL OF PROBABLE CAUSE - SIG. - STAR | 48. RESULTS OF FINGERPR. CHECK WAIVED BY-SIG. - STAR | DATE | 49. STAR APPROVAL OF CHARGES - SIG - STAR | DATE | TIME 0130

COMMANDER'S NOTATIONS

| ARRESTEE SEARCHED BY | STAR/EMPL. NO. - UNIT | 51. DATE RECEIVED - LOCKUP 5 NOV 92 | TIME 0000 | 52. PERS. PROPERTY RECEIPT NO 114526 | 53. TELEPHONE NO. CALLED & TIME 637-8776 |
|---|---|---|---|---|---|
| LOCKING OFFICER | STAR/EMPL. NO. - UNIT | 55. TIME FINGERPRINTED 0005 | 56. TIME PHOTOGRAPHED | 57. TIME FED | 58. PLACED IN CELL NO. |

**COURT INFORMATION**

| ARR. OFF. DESIRED COURT DATE 9 Nov 92 | BRANCH-CALL 66 | 60. COURT SGT. TO HANDLE ☐ YES ☐ NO | 61. INITIAL COURT DATE | BRANCH/CALL 55 | 62. FINAL CRT. DATE | BRANCH - CALL |
|---|---|---|---|---|---|---|
| INDED - DATE | TIME | 64. BOND RECEIPT NO. | 65. COURT DOCKET NO. | | 66. FINAL JUDGE'S NAME | |

**CHICAGO POLICE ARREST REPORT**
0-11.420 (REV. 4/92)

2 of 2

| 1. NAME (LAST - FIRST - MIDDLE) | | 2.SEX | 3.RACE | 4. AGE | 5. DATE OF BIRTH | |
|---|---|---|---|---|---|---|
| KARALL, Flora, H. | | F | 2 | 28 | DAY MONTH: 22 Feb | YEAR: 64 |

8. NO.
9256 411

NO.
013791

Y.D NO.

| 7. ALIAS OR NICKNAME | | 8. DIST./RES. | 9. HEIGHT | 10.WEIGHT | 11. HAIR | 12. HAIRSTYLE | 13. EYES | 14. COMPLEXION |
|---|---|---|---|---|---|---|---|---|
| | | 016 | 5'4 | 110 | Brn | | Brn | Fair |

| 16. RESIDENCE ADDRESS | APT. NO./FLOOR | 17. DISTING: MARKS, SCARS, DISABILITIES, ETC. | 18 SOCIAL SECURITY NO. |
|---|---|---|---|
| 7206 W. Wellington | | | 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 |

| 16A. CITY - STATE | ZIP CODE | HOME TELEPHONE | 20. STATE/PLACE OF BIRTH | 21. DRIVERS LICENSE NO - | STATE |
|---|---|---|---|---|---|
| Chicago Ill. | | 637-8776 | Chgo, Ill | K640-2536-4653 | |

R. NO.

| 23. OCCUPATION | 24. BUSINESS NAME - ADDRESS | CITY - STATE ZIP CODE | BUSINESS TELEPHONE |
|---|---|---|---|
| | | | ( ) |

ADDRESS OF ARREST

| | 26. NO. ARRESTED | 27. LOCATION CODE FOR NATURE OF PREMISES | 28. BEAT OF ARREST | 29. DATE OF ARREST DAY MONTH YEAR | TIME | 30. ARRESTEE TRANSPORTED TO UNIT BY BEAT | TIME |
|---|---|---|---|---|---|---|---|

| RESISTED ARREST | 32. WEAPON | | | 33. PROPERTY INVENTORY NO(S). | 34. FOR NARCOTIC ARREST | APPRX. WT. NO. PILLS | EST. STREET VALUE - CALL ORG. CRIME, |
|---|---|---|---|---|---|---|---|
| NO | PISTOL-REVOLVER / SHOT-GUN RIFLE/ KNIFE / OTHER (SPECIFY) | | | | SUSPECT CANNABIS / SUSPECT CONTROLLED SUBSTANCE | | PAX 0-662  $ |

| VEHICLE | YEAR | MAKE | MODEL | BODY STYLE | COLOR | STATE LICENSE NO. OR V.I.N. | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|---|---|

| PERSON IN INVESTIGATIVE UNIT NOTIFIED | UNIT NOTIFIED | TIME | 37. DOES ARRESTEE HAVE DEPENDENT CHILDREN AT HOME YES / NO | IF YES - NAME OF Y.D MEMBER NOTIFIED - TIME | 38.NAME OF A.S.A/REL. REV. | CHARGES APPROVED YES / NO | TIME |
|---|---|---|---|---|---|---|---|

| VICTIM-COMPLAIN-T | NAME | | | SEX | RACE | AGE | |
|---|---|---|---|---|---|---|---|

| IS ARRESTEE INJURED | IF YES - DESCRIBE INJURIES | VICTIM HOSPITALIZED YES / NO / TREATED & RELEASED |
|---|---|---|

| 40. REFERENCES (CH. - PAR.) | 41.OFFENSES | 42. DISPOSITIONS | | 40. REFERENCES (CH. - PAR.) | 41.OFFENSES | 42. DISPOSITIONS |
|---|---|---|---|---|---|---|
| | | | 5 | | | |
| | | | 6 | | | |
| | | | 7 | | | |
| | | | 8 | | | |

NARRATIVE    (The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following:)

**Page #2**

RD#T 432-669    The above, Flora KARALL in the company of Wilfred Pelletier, and Siegfried
PUBL, met with several individuals during the month of Sept 1992, at
Lawrence and Central Park, to solicit the MURDER of Leo KARALL. Money was
paid to consummate the deal, and a loaded 25 caliber automatic pistol was
given to the alleged shooter, the following morning, with the promise of
additional money upon the completion of the shooting.

During January 1990, February 1990 and March 1992, on three separate occassions, Flora
KARALL and Wilfred PELLETIER planted heroin and or cocaine in the garage or vehicle,
belonging to the victim Leo KARALL.  The burglary's, where the illegal entry into the vehicle
or garage, during the planting of the controlled substances to the best of my knowledge.

| ARRESTING/APPEARING OFFICER'S SIGNATURE | STAR NO. | UNIT | DEPUTY CLERK'S SIGNATURE | R.O./IMPL. NO. |
|---|---|---|---|---|
| | 20888 | 662 | | |

| ARRESTING/APPEARING OFFICER - PRINT NAME | BEAT NO. | FURLO. | D.O GRP. | MISD-ORD. CRT KEY | 45. SECOND APPEARING OFFICER - PRINT NAME | STAR NO. | UNIT | 46. VEHICLE ASSIGNED 1 ONE 2 TWO 3 OTHER |
|---|---|---|---|---|---|---|---|---|
| Karl M. KURTH | 5685 | 7 | | | JOHN KATEMEE / James SPENCER | 20789 / 20840 | 662 / 662 | P.O. / P.O. / OTHER |

| 4B. RESULTS OF FINGERPR. CHECK WAIVED BY-SIG. - STAR | DATE | TIME | 49. APPROVAL OF CHARGES - SIG. - STAR | DATE | TIME |
|---|---|---|---|---|---|

FINAL APPROVAL OF PROBABLE CAUSE - SIG. - STAR

COMMANDER'S NOTATIONS

| ARRESTEE SEARCHED BY | STAR/EMPL.NO. | UNIT | 51. DATE RECEIVED - LOCKUP | TIME | 52. PERS. PROPERTY RECEIPT NO | 53. TELEPHONE NO. CALLED | TIME |
|---|---|---|---|---|---|---|---|

| LOCKING OFFICER | STAR/EMPL. NO. | UNIT | 55. TIME FINGERPRINTED | 56. TIME PHOTOGRAPHED | 57. TIME FED | 58. PLACED IN CELL NO. |
|---|---|---|---|---|---|---|

**COURT INFORMATION**

| OFF. DESIRED COURT DATE | BRANCH-CALL | 60. COURT SGT. TO HANDLE YES / NO | 61. INITIAL COURT DATE | BRANCH-CALL | 62. FINAL CRT. DATE | BRANCH-CALL |
|---|---|---|---|---|---|---|

| PLEADED - DATE | TIME | 64. BOND RECEIPT NO. | 65. COURT DOCKET NO. | 66. FINAL JUDGE'S NAME |
|---|---|---|---|---|

EXHIBIT (B)

PETITIONER'S INDICTMENT

G. J. NO. Nov. 906....

GENERAL NO...92CR-27510..

---

Circuit Court of Cook County
County Department-Criminal Division

...November................., 19.92.

---

The People of the State of Illinois

v.

FLORA KARALL, and WILFRED PELLETIER,
.............................................
and SIEGRIED PUBL
.............................................

INDICTMENT FOR

.SOLICITATION OF MURDER FOR HIRE....
.............................................

TRUE BILL

.............................................
Foreman of the Grand Jury

---

WITNESSES

DET. KARL KurtH..........
.............................................
.............................................
.............................................
.............................................
.............................................
.............................................
.............................................
.............................................
.............................................

Filed...........12-2-2......., 19.92..

....Amelia Pbenki......., Clerk

Bail $.....................

ORIGINAL
FILE COPY
DO NOT REMOVE

STATE OF ILLINOIS    )
                     )    SS.
COUNTY OF  C O O K   )

> The November, 1992 Grand Jury of the
> Circuit Court of Cook County

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about September 1, 1992, and continuing on through September 30, 1992, within the County of Cook

FLORA KARALL
WILFRED PELLETIER
SIEGFRIED PUBL

committed the offense of        SOLICITATION OF MURDER FOR HIRE

in that    THEY, WITH THE INTENT THAT THE OFFENSE OF

FIRST DEGREE MURDER BE COMMITTED, TO WIT:

THAT LEO KARALL BE KILLED, THEY PROCURED

ANOTHER PERSON, MARK FAIRCHILD, TO COMMIT

SAID OFFENSE OF FIRST DEGREE MURDER, PURSUANT

TO AN AGREEMENT OR CONTRACT FOR MONEY, IN

VIOLATION OF CHAPTER 38, SECTION 8-1.2(A) OF

THE ILLINOIS REVISED STATUTES 1991 AS

AMENDED, AND

*CHARGE I.D. Code 1135*

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.
AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

EXHIBIT(C)
PETITIONER'S LETTER TO
COOK COUNTY CLERK'S OFFICE

Flora Karall #K00093
Lincoln Correctional Center
P.O. Box 549
Lincoln, Illinois  62656

September 22, 2004

Dear Cook County Clerk's Office,

My name is Flora Karall, inmate number K00093, and I am currently
incarcerated at the Lincoln Correctional Center.  My purpose in writing
you is to request copies of some infamous statements allegedly made by
person's named Pasquale Cordoza, Carl Gerger, Mark Fairchild as well as
any other alleged written statements found within my case file, Case
Number 92-CR-27510.

In my behalf, due to my incarceration, a close family member of mine
has made repeated appearances, since February of 2004, to your office and
has been repeatedly told that my entire case file can not be located or
found.  Upon repeated telephone calls to your office regarding the status
of locating my case file, said family member has been repeatedly disconnected.

It is my understanding that the Freedom Of Information Act, Illinois
Compiled Statutes 5 ILCS 140/1 et seq. and/or 5ILCS 100/5-15, entitles a
person to have access to and/or request "Public Records."  Therefore, I
am requesting copies of all alleged statements made by person's named
Pasquale Cordoza, Carl Gerger, Mark Fairchild as well as any other written
statements found within my case file, Case Number 92-CR-27510.  In the
event that these named person's statements can not be found within my
case file, I am requesting a response from your office specifying that
these alleged statements made by person's named Pasquale Cordoza, Carl
Gerger, and Mark Fairchild along with any other alleged written statements
do not exist within my case file or that my entire case file can not be
located or found.

Flora Karall #K00093
Page Two
September 22, 2004

_____

    I thank you for all your time and effort regarding this matter and I
will be anxiously awaiting a response from your office concerning this
matter.   I sincerely hope to have supplied you with the necessary information,
including my case file number of 92-CR-27510, as to contribute toward a
resolution regarding this matter.

                                        Sincere Gratitude,

                                        *Flora Karall* #K00093
                                        Flora Karall #K00093
                                        Lincoln Correctional Center
                                        P.O. Box 549
                                        Lincoln, Illinois   62656

Subscribed and Sworn To Before Me
This  22  Day Of  SEPT  2004.

  K. Brinton
Notary Public

"OFFICIAL SEAL"
K. Brinton
Notary Public, State of Illinois
My Commission Exp. 03/15/2005

EXHIBIT (D)

DENIAL OF WRITTEN STATEMENTS
DATED OCTOBER 25, 2004



**OFFICE OF THE CIRCUIT COURT CLERK OF COOK COUNTY**

**CRIMINAL BUREAU**
CRIMINAL DIVISION
Room 526
2650 S. California Ave
Chicago, Illinois 60608
(773) 869-3141
FAX (773) 869-4444

**DOROTHY BROWN**

CLERK OF THE COURT

Date: _November 4, 2004_

_Ms. Flora Karall #K00093_

_Lincoln C.C._

_P.O. Box 549_

_Lincoln, IL 62656_

Case Number: _92 CR 27510 - 01_

Dear _Flora Karall_.

Please be advised that on _10/25/04_

The Honorable Judge _Henry R. Simmons Jr_ denied

your motion for _Written Statements from_

_P. Cordoza, Carl Herger, Mark Fairchild & all others._

If you have any further questions or requests, please

feel free to notify our office.

Sincerely,

**CRIMINAL DIVISION
MOTION DEPARTMENT**

COMMENTS: _____

_____

_____

_____

MISSION STATEMENT

The mission of the office of the Clerk of the Circuit Court of Cook County is to serve the citizens of Cook County and the participants in the judicial system in a timely, efficient and ethical manner. All services, information and court records will be provided with courtesy and cost efficiency





## EXHIBIT (E)

NOTICE OF APPEAL ON STATEMENTS
DATED NOVEMBER 18, 2004

IN THE

First Judicial Circuit
Cook County, Illinois

The People of The State of Illinois          )
    Plaintiff,                                )
                                               )     Case No. 92-CR-27510
                      v.                       )
                                               )
    FLORA KARALL                               )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Illinois Appellate Courts          TO:

   First District                    _____
   160 N. LaSalle Street             _____
   Chicago, IL 60601                 _____

PLEASE TAKE NOTICE that on __November 18__, 20_04_, I have placed the documents listed below in the institutional mail at __Lincoln__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Notice of Appeal,
Proof of Service and Judgment from the First
Judicial Circuit Cook County, Illinois

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: November 18, 2004

/s/ Flora Karall
NAME: Flora Karall
IDOC#: K00093
Lincoln Correctional Center
P.O. BOX 549
Lincoln , IL 62656

In the Circuit Court of the _First_ Judicial Circuit

_Cook_ County, Illinois

(Or in the Circuit Court of Cook County).

| | |
|---|---|
| THE PEOPLE OF THE<br>STATE<br>OF ILLINOIS<br><br>v.<br><br>_Flora Karall_<br>Defendant/Appellant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. _92-CR-27510_ |

### Notice of Appeal

An appeal is taken from the order or judgment described below:

(1) Court to which appeal is taken: _Cook County Court_
_2650 S. California Ave._
_Chicago, IL 60608_

(2) Name of appellant and address to which notices shall be sent:
Name: _Flora M. Karall # K00093_
Address: _Lincoln Correctional Cnter_
_P.O. Box 549_
_Lincoln, IL 62656_

(3) Name and address of appellant's attorney on appeal:
Name: _____
Address: _____
If appellant is indigent and has no attorney, does he want one appointed?
_____

(4) Date of judgment or order: _November 4, 2004_

(5) Offense of which convicted: _Solicitation of Murder For Hire_

(6) Sentence: _32 years_

(7) If appeal is not from a conviction, nature of order appealed from: _Attached_
_with Notice of Appeal papers_

Signed _Flora Karall_

(May be signed by appellant, attorney for appellant, or clerk of circuit court)

Docket Number in the Reviewing Court

Case Title (Complete)

Appeal From ___Cook___ County
Circuit Court No. _92-CR-27510_
Date of Notice of Appeal _November 4, 2004_
Trial Judge _Henry R. Simmons Jr._
Felony (X)
Misdemeanor ( )
In Custody ( )
Out on Bond ( )

## DOCKETING STATEMENT
### (Criminal)

Counsel On Appeal
For Appellant(s)
  Name: _____
  Address: _____
  Telephone: _____
Trial Counsel,
If Different
  Name: _____
  Address: _____
  Telephone: _____
Counsel On Appeal
For Appellee(s)
  Name: _____
  Address: _____
  Telephone: _____
Court Reporter(s)
  Name: _____
  Address: _____
  Telephone: _____
Approximate Duration of Trial Court Proceedings To be Transcribed


Nature of Case:
  ( )  Appeal from conviction after trial
  ( )  Jury Trial
  ( )  Plea of guilty
  ( )  Sentence only
  ( )  Appeal by State
  ( )  Bench Trial
  ( )  Post-conviction proceeding
  ( )  Revocation of probation
  (X)  Other (Explain) _Attached Documentation_


General Statement Of Issues Proposed To Be Raised (Failure to
include an issue in this statement will not result in the waiver
of the issue on appeal.)

EXHIBIT (F)
TRANSCRIPTS RECEIVED ON
STATEMENTS DATED May 19, 2005



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

**MICHAEL J. PELLETIER**
**DEPUTY DEFENDER**

May 19, 2005

Ms. Flora Karall
Register No. K-00093
Lincoln Correctional Center
P.O. Box 549
Lincoln, IL  62656

Dear Ms. Karall:

    Attached are your transcripts.  Please sign and return the enclosed receipt.


       Sincerely,

       OFFICE/STATE APPELLATE DEFENDER

SAD

1    STATE OF ILLINOIS )
                      ) SS:
2    COUNTY OF C O O K )

3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
             COUNTY DEPARTMENT - CRIMINAL DIVISION
4

    PEOPLE OF THE STATE OF ILLINOIS, )
5                                     )
                Plaintiff,            )
6                                     )
                    VS                ) 92 CR 27510-01
7                                     )
    FLORA KARALL,                     )
8                                     )
                Defendant.            )
9
                    POST TRIAL MOTION
10
                    REPORT OF PROCEEDINGS,
11
    before the Honorable HENRY R. SIMMONS, Judge
12
    of said Court, on the 25th day of October,
13
    A.D., 2003.
14
    APPEARANCES:
15
                HONORABLE RICHARD DIVINE
16              STATE'S ATTORNEY OF COOK COUNTY
                BY:   JAMES BYRNE
17              ASSISTANT STATE'S ATTORNEY

18                  Appeared for the Plaintiff;

19              (PRO SE DEFENDANT, NOT PRESENT)

20

21   Reported by:
     DIANA ROBINSON, C.S.R. #84-1844
22   OFFICIAL SHORTHAND REPORTER
     CIRCUIT COURT OF COOK COUNTY
23

24

1    PROCEEDINGS OF:   October 25, 2003

2                      Pages B1 - B4

3                      Post trial Motion Denied

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1              THE COURT:  Flora Karall.  Pro se

2    request from the Clerk's office.  The Clerk's

3    office in turn put it on the Court call.

4              I have read the request by the

5    Defendant Flora Karall; and under the statutory

6    case law authority, the Petition is denied.

7              Actually it's a request for

8    alleged written statements by individuals named

9    Cordosa, Turner and Fairchild.  Those happened to

10   be witnesses during the trial.

11             The case went to the Appellate

12   Court.  She had Appellate Counsel.  Request is

13   denied.

14                      (WHICH WERE ALL THE

15                       PROCEEDINGS HAD IN THE

16                       ABOVE-ENTITLED CAUSE.)

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS )

2                     )  SS:
     COUNTY OF COOK    )

3

4

5

6

7                I, DIANA ROBINSON, Official Court

     Reporter of the Circuit Court of Cook County,
8
     Municipal Division, do hereby certify that I
9
     reported in shorthand the proceedings had in the
10
     Hearing in the above-entitled cause to be
11
     transcribed into typewriting the above Report of
12
     Proceedings, which I hereby certify is a true and
13
     correct transcript of the proceedings had before
14
     the Honorable HENRY R. SIMMONS, Judge of said
15
     Court.
16

17

18

19

20

21

22    _____
      DIANA ROBINSON
23    OFFICIAL COURT REPORTER OF THE
      CIRCUIT COURT OF COOK COUNTY
24    MUNICIPAL DIVISION.

EXHIBIT (G)

MOTION AND BRIEF FOR APPELLATE
COUNSEL TO WITHDRAW AS
APPOINTED COUNSEL ON APPEAL

DATED JUNE 30, 2006

*Client*

04-3531

IN THE

## APPELLATE COURT OF ILLINOIS

### FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | **Appeal from the Circuit** |
| | ) | **Court of Cook County** |
| Respondent-Appellee, | ) | **Criminal Division.** |
| | ) | |
| | ) | **92 CR 27510** |
| vs. | ) | |
| | ) | |
| FLORA KARALL, | ) | **Honorable** |
| | ) | **Henry Simmons** |
| Petitioner-Appellant. | ) | **Judge Presiding** |

## MOTION TO WITHDRAW AS APPOINTED COUNSEL ON APPEAL BASED UPON PENNSYLVANIA V. FINLEY (481 U.S. 551)

Now comes the Office of the Public Defender of Cook County, **EDWIN A.**

**BURNETTE**, Public Defender, by his assistant, **CARY M. BERMAN,** and moves this

Honorable Court to grant this motion to withdraw as appointed counsel on appeal in

the above cited cause, and in support hereof states as follows:

1. That a thorough analysis of the instant record on appeal resulted in the determination

that no meritorious issues are generated by the record for assertion on appeal.

2. That pursuant to the requirements enunciated in Pennsylvania v. Finley, 481 U.S. 551,

107 S. Ct 1990, 95 L.Ed.2d 539 (1987), and in accordance with presently accepted practice and

procedure both in the Appellate Court and also in the Office of the Public Defender, a

Memorandum of Fact and Law is submitted in support of this motion.

3. On November 13, 1995, Flora Karall was convicted of solicitation of murder for hire, by the Honorable Henry R. Simmons, and was sentenced to thirty-two years in prison. Karall's conviction and sentence were affirmed by this Court under appeal number 96-0676.

4. On July 24, 1997, Karall filed a petition for post-conviction relief. On August 25, 1997, the Honorable Judge Simmons dismissed the petition. The dismissal was affirmed by this Court in appeal number 98-0961.

4. On November 26, 2002, Karall filed a State Habeas Corpus Petition and a Motion to Vacate a Void Judgement. Her petition and motion were denied by the Honorable Henry Simmons on March 26, 2003.

5. On October 18, 2004, Karall filed a request for written statements of Pasquale Cordoza, Carl Gerger, Mark Fairchild, and any other written statement in the case file. Karall's request for statements was denied on October 25, 2004. Karall filed a notice of appeal on November 30, 2004.

6. The undersigned counsel has read the entire record and has written to the petitioner to explain the Finley procedure and he has invited petitioner to file her own response to this Finley motion.

7. That the undersigned counsel has invited the petitioner to call him collect or write him if she has any questions pertaining to these procedures or his appeal.

8. Pursuant to the requirements enunciated in Pennsylvania v. Finley, 481 U.S. 551 (1987), and in accordance with presently accepted practices, a memorandum of fact and law is submitted to support this motion.

**WHEREFORE**, it is prayed that leave be granted to withdraw as appointed counsel on appeal.

Respectfully submitted,

**EDWIN A. BURNETTE**
Public Defender of Cook County

By: *Cary M. Berman*
    **CARY M. BERMAN**
    Assistant Public Defender

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )


## **A F F I D A V I T**

Cary M. Berman, being first duly sworn on oath, deposes and says that your affiant is

duly appointed and acting Assistant Public Defender of Cook County, Illinois; that your affiant

has read the foregoing motion by him subscribed; that your affiant knows the contents therein,

and that the same are true in substance and in fact.


_Cary M. Berman_
**CARY M. BERMAN**
Assistant Public Defender


Subscribed and sworn to
before me this 30th    day
of    June A.D., 2006.

_Ann T. Rowston_
Notary Public

    OFFICIAL SEAL
    ANN T. ROWSTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-9-2008

04-3531

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County |
| Respondent-Appellee, | ) | Criminal Division. |
| | ) | |
| | ) | 92-CR-27510 |
| | ) | |
| vs. | ) | |
| | ) | ———————————— |
| FLORA KARALL | ) | |
| | ) | Honorable |
| | ) | Henry Simmons |
| Petitioner-Appellant. | ) | Judge Presiding |

BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
ON APPEAL PURSUANT TO PENNSYLVANIA V. FINLEY

STATEMENT OF FACTS

Flora Karall made a request for alleged written statements of witnesses, at trial, named

Cordosa, Turner, and Fairchild. (B. 3) The trial judge denied Karall's request indicating that the

case already has been to the Appellate Court and she had Appellate Counsel. (B. 3) Karall

appealed the trial judge's ruling on her request.(CL. 336)

1

**ARGUMENT**

## THE TRIAL COURT DID NOT ERR IN DENYING FLORA KARALL'S REQUEST FOR STATEMENTS OF WITNESSES WHEN SHE ALREADY HAD AN APPEAL (96-0676) AND SHE HAD APPELLATE COUNSEL FOR IT.

Under Supreme Court Rule 415 (c) "Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case, and shall be subject to such other terms and conditions as the court may provide." Here, Flora Karall had an appeal and appellate counsel on appeal. The remedy is for Karall to get a copy, if they exist, from her trial counsel or appellate counsel.

Further, Flora Karall requests that the Clerk's Office provide her with several statements of witnesses who testified at trial named Pasquale Cordoza, Carl Gerger, Mark Fairchild as well as any other written statements in her case file. She requests these materials as a Public Record under the Freedom of Information Act. 705 ILCS 5/140. The problem with this request is that the items that Karall requests are not in the Clerk's Office court file. Therefore, she is not entitled to reports that are not part of the case file. See People v. Salgado, 353 Ill.App.3d 101, 817 N.E.2d 1079 (2004).

Based on the above, the trial court did not error when he denied Flora  Karall's request for statements of witnesses.

2

## CONCLUSION

For all the above mentioned reasons, the Office of the Public Defender of Cook County respectfully requests that it be allowed to withdraw from representing Flora Karall in the instant appeal.

Respectfully submitted,

**EDWIN A. BURNETTE**
Public Defender of Cook County
69 W. Washington , 16th Floor
Chicago, IL 60602
(312) 603-0600

Counsel for Appellant

**CARY M. BERMAN**
Assistant Public Defender

Of Counsel

3

04-3531

## IN THE

## APPELLATE COURT OF ILLINOIS

## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County |
| Respondent-Appellee, | ) | Criminal Division. |
| | ) | |
| | ) | 92 CR 27510 |
| vs. | ) | _____ |
| | ) | |
| FLORA KARALL, | ) | Honorable |
| | ) | Henry Simmons |
| Petitioner-Appellant. | ) | Judge Presiding |

### NOTICE OF MOTION

TO:   Richard A. Devine                              Flora Karall
      State's Attorney                               Reg. No. K-00093
      309 Daley Center                               Rt. 17 West
      Chicago, IL 60602                              P.O. Box 5001
                                                     Dwight, IL 60420-5001

**PLEASE TAKE NOTICE THAT** on June 30, 2006, I shall cause to be filed if the Office of the Clerk of the Appellate Court of Illinois, First District, the attached Motion and Affidavit.

                        **EDWIN A. BURNETTE**
                        Public Defender of Cook County
                        BY: *Cary M. Berman*
                        **CARY M. BERMAN**
                        Assistant Public Defender

STATE OF ILLINOIS          )
COUNTY OF COOK             )

    **Lamont James,** being duly sworn on oath, says that he served the above and forgoing Notice and Motion and Affidavit by delivering same to the above mentioned attorney, and mailing same to petitioner.

SUBSCRIBED AND SWORN
Before me this 30th day
of June, A.D., 2006.
*Ann T. Rowston*
Notary Public

OFFICIAL SEAL
ANN T. ROWSTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-9-2008

Received by:
Date:

**ORDER**

**IN THE**
**APPELLATE COURT OF ILLINOIS**
**FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | |
| | ) | |
| **Respondent-Appellee,** | ) | |
| | ) | |
| | ) | No. 04-3531 |
| **vs.** | ) | |
| | ) | |
| **FLORA KARALL** | ) | |
| | ) | |
| | ) | |
| **Petitioner-Appellant.** | ) | |

**O R D E R**

Upon motion of the Cook County Public Defender, counsel for Petitioner-Appellant,

and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED THAT** counsels's *Finley* motion is taken under

advisement.

**CARY M. BERMAN**
Assistant Public Defender

**EDWIN A. BURNETTE**
Public Defender of Cook County

Attorney for Defendant-Appellant
69 West Washington., 16th Floor
Chicago, Illinois 60606
(312) 603-0600

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

**STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT**

EXHIBIT (H)

PETITIONER'S RESPONSE TO
MOTION AND BRIEF FILED FOR
APPOINTED APPELLATE COUNSEL
TO WITHDRAW ON APPEAL
DATED AUGUST 3, 2006

04-3531
Finley Response

04-3531

# FILED

IN THE

APPELLATE COURT 1st DIST.

APPELLATE COURT OF ILLINOIS

AUG 0 3 2006

FIRST JUDICIAL DISTRICT

STEVEN M. RAVID
CLERK

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County Criminal Division. |
| Respondent-Appellee, | ) | |
| | ) | 92 CR 27510 |
| vs. | ) | |
| | ) | |
| FLORA KARALL, | ) | Honorable Henry Simmons |
| Petitioner-Appellant. | ) | Judge Presiding |

## RESPONSE TO MOTION TO WITHDRAW AS APPOINTED COUNSEL ON APPEAL
### BASED UPON PENNSYLVANIA V. FINLEY (481 U.S. 551)

Now comes Flora Karall, Petitioner-Appellant, pro se, and Respectfully moves this Honorable Court to deny the Motion To Withdraw As Appointed Counsel On Appeal filed by the Office of the Public Defender of Cook County, Edwin A. Burnette, Public Defender, by his assistant, Cary M. Berman, in the above cited cause, and in support hereof states as follows:

1. On November 13, 1995, Flora Karall was convicted of Solicitation Of Murder For Hire by the Honorable Henry R. Simmons and was sentenced to thirty-two years in prison.

2. Flora Karall is currently incarcerated at the Dwight Correctional Center in Dwight, Illinois and is filing this response pro se.

3. Flora Karall made a request on September 22, 2004 for written statements of Pasquale Cordoza, Carl Gerger, Mark Fairchild and any other statements in the case file with the Circuit Clerk's Office. Ms. Karall's request for these statements was denied on October 25, 2004. Ms. Karall filed

a Notice of Appeal on November 18, 2004 on the denial. During the very
beginning of this appeal process, Ms. Karall received via mail a copy of some
transcripts dated October 22, 2003. The transcripts stated that Ms. Karall
had requested some written statements and that her trial Judge, Henry R.
Simmons, had denied this request on October 22, 2003, a full 11 months before
Ms. Karall had even made the request. Ms. Karall then received a notice that
her attorney had withdrawn. As of this date Ms. Karall is still unsure as to
why this happened. In March of 2006, Ms. Karall received notice that she had
been appointed a Public Defender of Cook County. This appointment was so that
Ms. Karall may proceed with her appeal. At this point now, the Public
Defender has filed a Motion To Withdraw As Appointed Counsel On Appeal Based
Upon Pennsylvania v. Finley, (481 U.S. 551), stating that the appeal has no
meritorious issues.

    4. Flora Karall feels that she does have meritorious issues as basis for
her appeal.

    5. Flora Karall is entitled to obtain the written statements of
Pasquale Cordoza, Carl Gerger, Mark Fairchild, and any other statements in the
case file. According to the Freedom Of Information Act 5 ILCS 140/1, § 1
which states: "Pursuant to the fundamental philosophy of the american
constitutional form of government, it is declared to be the public policy of
the State of Illinois that all persons are entitled to full and complete
information regarding the affairs of government and the official acts and
policies of those who represent them as public officials and public employees
consistent with the terms of this act. Such access is necessary to enable
the people to fulfill their duties of discussing public issues fully and
freely, making informed political judgments and monitoring government to
ensure that it is being conducted in the public interest."

The Freedom Of Information Act (FOIA) was enacted to provide all persons access to information regarding affairs of government and should be construed toward the end, but is not to be used to violate individual privacy, to further commericial enterprises, or to disrupt duly undertaken work of any public body. Schessler v. Department of Conservation, App. 4 Dist. 1994, 194 Ill. Dec. 608, 256 Ill. App.3d 198, 627 N.E.2d 1250.

6.  Now that it has been established that Ms. Karall has the authorization according to the FOIA to be able to obtain these written statements, we move on to the issue of the Circuit Clerk's Office not having these statements.  According to the brief in support of Motion To Withdraw As Counsel On Appeal pursuant to Pennsylvania v. Finley, it is stated on page 2 that "The problem with this reques is that the items that Karall requests are not in the Clerk's Office court file."  This presents a question as to what happened to these statements.  According to 725 ILCS 5/116-4 (b) "After a judgment of conviction is entered, the evidence shall be impounded with the Clerk of the Circuit Court..." "Retention shall be until the completion of the sentence, including the period of mandatory supervised release for the offense or January 1, 2006, whichever is later..."

Also in 725 ILCS 5/116-4 (c) it is stated that "After a judgment of conviction is entered, the law enforcement agency is required to retain evidence described in subsection (a) may petition the court with notice to the defendant or, in cases where the defendant has died, his estate, his attorney of record, or an attorney appointed for that purpose by the court for entry of an order allowing it to dispose of evidence..."

Likewise in 725 ILCS 5/116-4 (d-10) it clearly states that "All records documenting the possession, control, storage, and destruction of evidence and all police reports, evidence control or inventory records, and other reports

3

cited in this section, including computer records, must be retained for as long as the evidence exists and may not be disposed of without the approval of the Local Records Commission."

Ms. Karall states that she was not notified by anyone that these statements were going to be destroyed. Therefore, the statements should still be in retention at the Cook County Circuit Clerk's Office.

Records required to be kept by law cannot be contradicted, added to, nor supplemented by parol evidence. Jackson Park Hospital Co. v. Courtney, 1936, 4 N.E.2d 864, 364 Ill. 497.

According to 720 ILCS 5/33-5 (a) and (b) "It is unlawful for a law enforcement agency or an agent on behalf of the law enforcement agency to intentionally fail to comply with the provisions of subsection (a) of section 116-4 of the Code of Criminal Procedure of 1963. (b) Sentence. A person who violates this section is guilty of a Class 4 Felony." Therefore, the Circuit Clerk's Office of Cook County should still have these statements.

There is a legitimate way of disposal of such records but there are also guidelines to that process. According to 5 ILCS 160/17 "Regardless of other authorization to the contrary, no records shall be disposed of by any agency of the State, unless approval of the State Records Commission is first obtained. The commission shall issue regulations, not inconsistent with this act, which shall be binding on all agencies. Such regulations shall establish procedures for compiling and submitting to the commission lists and schedules of records proposed for disposal; procedures for the physical destruction or other disposition of records proposed for disposal; and standards for the reproduction of records by digital, photographic, or microphotographic processes with the view to the disposal of the original records. Such standards shall relate to the electronic digital process and format, quality

4

of film used, preparation of the records for reproduction, proper identification matter on the records so that an individual document or series of documents can be located on the film or electronic medium with reasonable facility, and that the copies contain all significant record detail, to the end that the photographic, microphotographic, or digital copies will be adequate." So, if the statements were destroyed by the Circuit Clerk's Office they should have at least been reproduced first and therefore a copy of such would still be available.

7. The Public Defender's Office claims that a thorough analysis of the instant record on appeal resulted in the determination that no meritorious issues are generated. Ms. Karall strongly disagrees for several reasons. The first being that she feels that the attorney appointed to do her appeal did not thoroughly review the record because if they had there wouldn't have been so many mistakes in the Motion To Withdraw. The dates would have been correct on the filing and denials of Ms. Karall's petitions. Secondly, the appointed attorney stated that the people that Ms. Karall wanted the statements from had testified and that basically the statements can be found in the transcripts is a lie. Not all of the people testified. The main person that started off this alleged case, Pasquale Cordoza, did not testify. According to the Police Department, Mr. Cordoza is the person that launched the investigation into this case and once he gave his statement he was never heard from again. If the appointed attorney would have thoroughly reviewed the record they would have known this.

Ms. Karall's trial attorney advised her at the time of her trial that her entire case was based on statements made be people of which proved that there were statements made. Why is it then that the appointed attorney here wrote in the argument part of brief in support of Motion To Withdraw that

they are uncertain "if they exist"?  Likewise, it should be noted that Ms. Karall has been trying to obtain these statements since her arrest in November of 1992.  She had requested them from her trial counsel and appellate defender but did not receive them.

In closing, the trial court did error when he denied Flora Karall's request for statements of witnesses.

For all the reasons above mentioned, the Office of the Public Defender of Cook County should not be allowed to withdraw as appointed counsel and should be instructed to prepare Flora Karall's appeal.

Respectfully Submitted,

*Flora Karall*
Flora Karall
Petitioner-Appellant, pro se

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _19_ DAY OF _July_, 2006.

*Beatrice E. Stanley*
NOTARY PUBLIC

"OFFICIAL SEAL"
BEATRICE E. STANLEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/14/06

STATE OF ILLINOIS    )
                          ) SS
COUNTY OF LIVINGSTON  )


## AFFIDAVIT

Flora Karall, being first duly sworn on oath, deposes and says that she is the Petitioner-Appellant, pro se, in the attached Response To Motion To Withdraw As Appointed Counsel On Appeal Based Upon Pennsylvania v. Finley (481 U.S. 551); that she has read the foregoing motion by her subscribed; that she knows the contents therein, and that the same are true in substance and in fact.


_Flora Karall_
Flora Karall
Petitioner-Appellant, pro se


SUBSCRIBED AND SWORN TO BEFORE ME
THIS _19_ DAY OF _July_ , 2006.


_Beatrice E. Stanley_
NOTARY PUBLIC

"OFFICIAL SEAL"
BEATRICE E. STANLEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/14/06

04-3531

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County Criminal Division. |
| Respondent-Appellee, | ) | |
| | ) | |
| vs. | ) | 92 CR 27510 |
| | ) | |
| FLORA KARALL, | ) | |
| | ) | Honorable |
| | ) | Henry Simmons |
| Petitioner-Appellant. | ) | Judge Presiding |

## PROOF/CERTIFICATE OF SERVICE

TO:  Steven M. Ravid
    Clerk of the Appellate Court
    160 North LaSalle, 14th Floor
    Chicago, Illinois  60601
    (Original and 4 Copies)

TO:  Edwin A. Burnette
    Public Defender of Cook County
    69 W. Washington, 16th Floor
    Chicago, Illinois  60602
    (1 Copy)

**PLEASE TAKE NOTICE THAT** on July 19, 2006, I have placed the documents listed below in the institutional mail at Dwight Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:  Notice Of Motion, Response To Motion To Withdraw As Appointed Counsel On Appeal Based Upon Pennsylvania v. Finley, (481 U.S. 551), Affidavit, and Proof/Certificate Of Service.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read tha above documents, and that the information contained therein is true and correct to the best of my knowledge.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 19 DAY OF July, 2006.

_____
NOTARY PUBLIC

_____
Flora Karall
Petitioner-Appellant, pro se

"OFFICIAL SEAL"
BEATRICE E. STANLEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/14/06

04-3531

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County |
| Respondent-Appellee, | ) | Criminal Division. |
| | ) | |
| | ) | 92 CR 27510 |
| vs. | ) | |
| | ) | |
| FLORA KARALL, | ) | Honorable |
| | ) | Henry Simmons |
| Petitioner-Appellant. | ) | Judge Presiding |

## NOTICE OF MOTION

TO:  Steven M. Ravid
     Clerk of the Appellate Court
     160 North LaSalle, 14th Floor
     Chicago, Illinois  60601
     (Original and 4 Copies)

TO:  Edwin A. Burnette
     Public Defender of Cook County
     69 W. Washington, 16th Floor
     Chicago, Illinois  60602
     (1 Copy)

**PLEASE TAKE NOTICE THAT** on July 19, 2006, I Shall cause to be filed with

the Office of the Clerk of the Appellate Court of Illinois, First District,

the attached Response To Motion To Withdraw As Appointed Counsel and

Affidavit.

_Flora Karall_
Flora Karall
Petitioner-Appellant, pro se

SUBSCRIBED AND SWORN TO BEFORE ME
THIS  19  DAY OF  July  ,2006.

_Beatrice E. Stanley_
NOTARY PUBLIC

"OFFICIAL SEAL"
BEATRICE E. STANLEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/14/06

<u>EXHIBIT (I)</u>
APPELLATE COURT'S DECISION
ON MOTION TO WITHDRAW
DATED SEPTEMBER 22, 2006

NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

FIFTH DIVISION
September 22, 2006

No. 1-04-3531

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 92 CR 27510 |
| FLORA KARALL, | ) ) | Honorable Henry R. Simmons, Jr., |
| Defendant-Appellant. | ) ) | Judge Presiding. |

O R D E R

Defendant, Flora Karall, appeals from the denial of her request for written statements.

Following a jury trial, defendant was found guilty of solicitation of murder for hire and sentenced to 32 years' imprisonment. On appeal, this court affirmed defendant's conviction and sentence. People v. Karall, No. 1-96-0676 (1997) (unpublished order under Supreme Court Rule 23). Defendant unsuccessfully challenged her conviction through a postconviction petition. People v. Karall, No. 1-98-0961 (1999) (unpublished order under Supreme Court Rule 23). Defendant subsequently filed a habeas corpus petition and motion for relief from a void judgment. The trial court denied these challenges to defendant's conviction. No appeal from this denial appears in the record. Most recently, defendant mailed a letter to the clerk of the

1-04-3531

circuit court requesting written statements from several
witnesses at her trial.  The clerk treated her letter as a motion
and referred it to the trial court which denied her request.
Defendant appeals this denial.

The Public Defender of Cook County, who represents defendant
on appeal, has filed a motion for leave to withdraw as appellate
counsel.  A brief in support of the motion has been submitted
pursuant to <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 95 L. Ed. 2d
539, 107 S. Ct. 1990 (1987), in which counsel concludes that no
issues of merit exist warranting argument on appeal.  Copies of
the brief and motion were sent to defendant and she was advised
that she might submit any points in support of her appeal.  She
has filed a response.

We have carefully reviewed the record in this case, the
aforesaid brief, and defendant's response in compliance with the
mandates of the <u>Finley</u> decision and find no issues of arguable
merit.  Therefore, the motion of the Public Defender for leave to
withdraw as counsel is granted.

The judgment of the circuit court of Cook County is
affirmed.

Affirmed.


O'BRIEN, J., with TULLY, J., and GALLAGHER, J., concurring.

EXHIBIT (J)

SUPREME COURT'S DECISION
ON MOTION TO WITHDRAW
DATED JANUARY 24, 2007

103810

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

January 24, 2007

Ms. Flora Karall
Reg. No. K-00093
Dwight Correctional Center
23813 East 3200 North Road
Dwight, IL 60420

No. 103810 - People State of Illinois, respondent, v. Flora
                    Karall, petitioner.  Leave to appeal, Appellate
                    Court, First District.

The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court

on March 1, 2007.

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FLORA KARALL # K00093 )
Plaintiff, )
)
 )   Case No. _____
v. )
)
MARY SIGLER, Warden )
Defendant )

## PROOF/CERTIFICATE OF SERVICE

TO: United States District
Court, Northern District
of Illinois
219 S. Dearborn St.
Chicago, IL 60604

TO: Illinois Attorney
General, Lisa Madigan
100 W. Randolph St.
12th Floor - Suite 10-500
Chicago, IL 60601

PLEASE TAKE NOTICE that on October 25 _____, 2007, I have placed the
documents listed below in the institutional mail at Dwight _____ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: Petition For Writ of
Habeas Corpus, Motion For Appointment of
Counsel, and In Forma Pauperis Application
and Financial Affidavit.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: October 25, 2007

/s/ Flora Karall
NAME: FLORA KARALL
IDOC#: K00093

Dwight Correctional Center
P.O. BOX 23813 E. 3200 North rd,
Dwight ____, IL 60420-8144

Revised Jan 2002