IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
DEC 2 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FLORA KARALL #K00093 )
Plaintiff, )
v. ) CRIM. NO. 07 C 6125
MARY SIGLER, Warden )
Defendant. )

## MOTION FOR A CERTIFICATE OF APPEALABILITY

COMES NOW Flora Karall, pro se do hereby move this Honorable Court for a Certificate of Appealability so as to appeal the denial of her Petition for Writ of Habeas Corpus.

Flora Karall was convicted of Solicitation of Murder For Hire on October 20, 1995 and sentenced to 32 years imprisonment by Judge Henry R. Simmons, Jr.

## CONFLICT OF INTEREST ISSUE

The court record & reflects the following; Flora Karall was arrested on November 5, 1992 based solely on the Probable Cause of alleged written statements made as Ms. Karall was not in the

commission of any crime at the time of her arrest by the Chicago Police Department. At Ms. Karall's trial, Public Defender Ms. Banks states on transcript that "This whole case is based upon mere statements. There is no actual physical evidence." (see Appendix) upon Ms. Karall's request for these alleged written statements as to challenge probable cause, Assistant Public Defender Ms. Berman stated "The problem with this request is that the items that Karall requests are not in the clerk's office court file"... and..."if they exist"... (see Appendix). Therefore, raising serious questions as to whether the Chicago Police Department had probable cause to arrest Ms. Karall, and conduct an illegal trial.

## ARGUMENT

Ms. Karall was denied her constitutional right to obtain copies of the alleged written statement that allegedly gave the Chicago Police Department probable cause to arrest Ms. Karall. The Freedom of Information Act clearly states "Pursuant to the fundamental philosophy of the

american constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the officials and public employees consistent with the terms of this act." 5 ILCS 140/1₂¹

Moreover, the Freedom of Information Act was enacted to provide all persons access to information regarding affairs of government and should be construed toward the end. <u>Schessler v. Department of Conservation</u>, 194 Ill. Dec. 608, 256 Ill. App. 3d 198, 627 N.E. 2d 1250.

Furthermore, the Federal Court's have the jurisdiction to intervene in legal matters such as this. It clearly states in 28 U.S.C.S § 2254 (f) "If the applicant challenges the sufficiency of the evidence adduced in such state court proceeding to support the state court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination.

3.

If the applicant, because of indigency or other reason is unable to produce such part of the record, then the state shall produce such part of the record and the Federal court shall direct the state to do so by order directed to an appropriate state official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the state court's factual determination."

Though this part of the state record seems minute, it was as Public Defender Ms. Banks stated "This whole case is based upon mere statements. There is no actual physical evidence." Therefore, seriously challenging the weight given as to the state court's factual determination.

Moreover, as mentioned in In re D.C., 144 Ill.2d at 410, 163 Ill. Dec. 494, 581 N.E.2d 648 "Where there is uncertainty as to whether a crime has been committed, the privacy rights of the individual may be given more consideration. Therefore,

4.

where the question is (1) whether a crime has been committed, and (2) whether a particular individual committed a known crime, as in this case, more evidence will be required to satisfy the probable cause requirement." See also <u>People v. Lee</u>, 293 Ill. Dec. 267, 828 N.E.2d 237 (2005).

As further mentioned in <u>Terry v. U.S.</u>, 392 U.S. at 20, 88 S.Ct. at 1879 "The reasonableness of a <u>Terry</u> stop is dependent upon whether the officer's action was: (1) justified at its inception; and (2) reasonably related in scope to the circumstances which justified the interference in the first place." See also <u>People v. Gonzalez</u>, 204 Ill.2d 220, 228-29, 273 Ill. Dec. 360, 789 N.E.2d 260 (2003); <u>People v. Hopkins</u>, 363 Ill. App.3d 971, 981, 300 Ill. Dec. 772, 845 N.E.2d 661 (2005).

Furthermore, the fact of these alleged written statements never existing had been fraudulently concealed until Ms. Kavall's request on September 22, 2004 (12) years after Ms. Kavall's arrest, trial, and conviction. As defined

5.

in Black's Law Dictionary, Fraudulent Concealment is "The hiding or suppression of a material fact or circumstance which the party is legally or morally bound to disclose. The employment of artifice planned to prevent inquiry or escape investigation and to mislead or hinder the aquisition of information disclosing a right of action; acts relied on must be of an affirmative character and fraudulent." See People v. B.R. MacKay & Sons, Inc., 157 Ill.2d 508, 642 N.E.2d 1288 (Ill. 1994); Waters v. Reingold, 215 Ill. Dec. 376, 668 N.E.2d 126 (Ill. App.1 Dist. 1996); Jackson Jordan, Inc. v. Leydig, Voit & Mayer, 198 Ill. Dec. 786, 633 N.E.2d 627 (Ill. 1994); Hermitage Corp. v. Contractors Adjustment Co., 209 Ill. Dec. 684, 651 N.E.2d 1132 (Ill. 1995); Schmitz v. Hoffman, 18 Ill. Dec. 569, 61 Ill. App.3d 130, 377 N.E.2d 1205; Nogle v. Nogle, 53 Ill. App.2d 457, 202 N.E.2d 683 (Ill. App. 1964).

In light of these facts presented, this is a clear obstruction of justice as to have conducted an illegal arrest, illegal indictment, and

6.

illegal trial on Ms. Karall when taking into consideration the only alleged factual evidence of alleged written statements does not exist today.

As mentioned in U.S. v. Peristein, 126 F.2d 789 (C.A. 3 1942) "The substantive offense punished by federal statute regarding the obstruction of due administration of justice is the obstruction of justice or the endeavor to obstruct it before a United States Commissioner or in a court of the United States." See also 18 U.S.C.A. § 1503; U.S. v. Bolden, 277 F. Supp. 2d 999, 1011 (E.D. Ark. 2003); U.S. v. Messerlian, 832 F.2d 778, 792 (3rd Cir. (N.J.) 1987); U.S. v. Smith, 729 F. Supp. 1380, 1384 (D.D.C. 1990); U.S. v. Kanchanalak, 37 F. Supp. 2d 1, 5 (D.D.C. 1999).

Furthermore, it mentions in U.S. v. Natale, 526 F.2d 1160 (C.A.N.Y. 1975) "... (t)he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent

7.

claims." See also U.S. v. Lombardozzi, 491 F.3d 61, 68 (2nd Cir. (N.Y.) 2007); U.S. v. Chen, 378 F.3d 151, 160 (2nd Cir. (Conn.) 2004); Chemical Bank v. Dana, 4 Fed. Appx. 1, 7 (2nd Cir. (Conn.) 2001); U.S. v. Chen, 283 F. Supp. 2d 664, 671 (D. Conn. 2003); U.S. v. Kramer, 499 F. Supp 2d 300, 303 (E.D. N.Y. 2007).

Finally, in briefly referring to the case of People v. Blaylock, 269 Ill. Dec. 490, 781 N.E.2d 287 (Ill. 2002), The defendant appealed to the Illinois Supreme Court claiming his due process rights of the Fourteenth Constitutional Amendment had been violated because his file at the Vermillion County Clerk's office could not be found. The Supreme Court of Illinois agreed his due process rights had been violated.

Thus, in relying on People v. Blaylock, 269 Ill. Dec. 490, 781 N.E.2d 287 (Ill. 2002) Ms. Keralls due process rights are being violated and warrant serious examination by this Honorable Court. See also People v. Shum, 278 Ill. Dec. 14, 17, 797 N.E.2d 609 (Ill. 2003); People v. Moore, 278 Ill. Dec. 36, 38, 797 N.E.2d 631 (Ill. 2003);

People v. Mata, 289 Ill. Dec. 461, 463, 819 N.E.2d 1261 (Ill. App. 2. Dist. 2004); People ex rel. Yohe v. Hubble, 378 Ill. 377, 38 N.E.2d 38 (Ill. 1941); Palmer v. Liquor Control Commission, 33 Ill. Dec. 100, 105, 396 N.E.2d 325 (Ill. App. 4 Dist. 1979); Will County v. Woodhill Enterprises, Inc., 274 N.E.2d 476, 481, 4 Ill. App. 3d 68, 74 (Ill. App. 3 Dist. 1971) Handle v. Stevens, 145 Ill. 2d 639, 596 N.E.2d 628 (Ill. 1992); Michael v. First Chicago Corp., 93 Ill. Dec. 736, 487 N.E.2d 403.

WHEREFORE, Appellant prays that this Motion for Certificate of Appealability is granted.

Respectfully Submitted,

Flora Karall
FLORA KARAU #K00093
Dwight Correctional Center
23813 E. 3200 North Rd.
Dwight, IL 60420-8144

## CERTIFICATE OF SERVICE

I, Flora Karall, the undersigned, do hereby certify that I caused to be mailed by placement in the Institutional Mail Box, first class postage prepaid, a true copy of the following Motion For A Certificate of Appealability to the United States District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604 and the Illinois Attorney General Lisa Madigan, 100 W. Randolph St., 12th Floor, Chicago, IL 60601.

/s/ Flora Karall
FLORA KARALL # K00093
Dwight Correctional Center
23813 E. 3200 North Rd.
Dwight, IL 60420-8144

Subscribed And Sworn To Before Me this 20 day of December, 2007.

Beatrice E. Stanley
NOTARY PUBLIC

OFFICIAL SEAL
BEATRICE E. STANLEY
Notary Public - State of Illinois
My Commission Expires Dec 20, 2010

10.

APPENDIX

```
 1              Flora was going through a divorce.  Also at
 2   some point in time Leo Karall decided he's tired of the
 3   Burton Family and files a lawsuit against Rose Burton,
 4   Ralph Burton and Flora.  Rose Burton, the mother, the
 5   mother of John Burton, the mother of Ignacio Burton,
 6   the mother of Ralph Burton, all people who testified on
 7   previous days in court.  The State wants to attempt to
 8   lend credibility to Ignacio Burton, the career
 9   criminal, the man who basically hasn't been out of the
10   penitentiary for years, the man who doesn't consider
11   himself dangerous, though he commits crimes with guns
12   and knives, and they expect you to believe that simply
13   because Ignacio Burton says, "I had a conversation with
14   Flora, it's true."
15              This whole case is based upon mere
16   statements.  There is no actual physical evidence.
17              Ignacio Burton says the conversation
18   conveniently occurred outside the presence of his
19   mother.  Though she was at the penitentiary with Flora.
20   Ignacio Burton says he knows about the lawsuit and
21   ironically enough, Ralph Burton, who's here in the
22   city, doesn't know he's the subject of a lawsuit.
23              I submit to you he's doing that to shield
24   himself from any kind of credibility issue.
```

G-80

## ARGUMENT

### THE TRIAL COURT DID NOT ERR IN DENYING FLORA KARALL'S REQUEST FOR STATEMENTS OF WITNESSES WHEN SHE ALREADY HAD AN APPEAL (96-0676) AND SHE HAD APPELLATE COUNSEL FOR IT.

Under Supreme Court Rule 415 (c) "Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case, and shall be subject to such other terms and conditions as the court may provide." Here, Flora Karall had an appeal and appellate counsel on appeal. The remedy is for Karall to get a copy, if they exist, from her trial counsel or appellate counsel.

Further, Flora Karall requests that the Clerk's Office provide her with several statements of witnesses who testified at trial named Pasquale Cordoza, Carl Gerger, Mark Fairchild as well as any other written statements in her case file. She requests these materials as a Public Record under the Freedom of Information Act. 705 ILCS 5/140. The problem with this request is that the items that Karall requests are not in the Clerk's Office court file. Therefore, she is not entitled to reports that are not part of the case file. See People v. Salgado, 353 Ill.App.3d 101, 817 N.E.2d 1079 (2004).

Based on the above, the trial court did not error when he denied Flora Karall's request for statements of witnesses.

2

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6125 | **DATE** | 12/5/2007 |
| **CASE TITLE** | Flora Karall vs. Mary Sigler, et al | | |

**DOCKET ENTRY TEXT**

Pursuant to Minute Order of 11/2/2007, the above cause is dismissed. This order is final and appealable.

Docketing to mail notices.

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 07 cv 6125

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Karall/appellant | | Sigler/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Flora Karall | Name | Chief of Criminal Appeals |
| Firm | pro-se  K-00093 | Firm | Atty General's Office |
| Address | Dwight- DWT<br>23813 E. 3200 North Road<br>Dwight, Il. 60420 | Address | 100 W. Randolph<br>12th Fl.<br>Chgo.Il. 60601 |
| Phone | | Phone | 312) 814-2235 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Pallmeyer | Date Filed in District Court | 10/30/07 |
| Court Reporter | F. Ward   X-5561 | Date of Judgment | 11/5/07 |
| Nature of Suit Code | 530 | Date of Notice of Appeal | 12/29/07 |

COUNSEL:   Appointed [ ]    Retained [ ]    Pro Se [X]

FEE STATUS:   Paid [ ]    Due [X]    IFP [ ]

IFP Pending [ ]    U.S. [ ]    Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]    Denied [X]    Pending [ ]

If Certificate of Appealability was granted or denied, date of order:   1/2/08

If defendant is in federal custody, please provide U.S. Marshall number (USM#):

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6125 | **DATE** | 11/2/2007 |
| **CASE TITLE** | Flora Karall vs. Mary Sigler, et al | | |

**DOCKET ENTRY TEXT**

Flora Karall has filed a petition for a writ of habeas corpus, challenging her 1997 conviction for solicitation of murder and the resulting 32-year sentence. Ms. Karall acknowledges she filed an earlier petition with this court, which was dismissed as untimely on May 26, 2005. *Karall v. Robertson*, No. 05 C 1063. This court will not entertain a second or successive petition for a writ of habeas corpus, which would in any event be doomed as untimely. This matter is dismissed. Motion to proceed *informa pauperis* (3) and motion to appoint counsel (4) are denied.

Docketing to mail notices.

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

APPEAL, HABEAS, MASON, PC, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06125
### Internal Use Only

Karall v. Sigler et al  
Assigned to: Honorable Rebecca R. Pallmeyer  
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 10/30/2007  
Date Terminated: 11/02/2007  
Jury Demand: None  
Nature of Suit: 530 Prisoner: Habeas Corpus  
Jurisdiction: Federal Question

**Plaintiff**

**Flora Karall**  
*United States of America ex rel.*

represented by **Flora Karall**  
K-00093  
Dwight - DWT  
23813 East 3200 North Road  
Dwight, IL 60420  
PRO SE

V.

**Defendant**

**Mary Sigler**  
*Warden of Dwight Correctional Center*

**Defendant**

**Lisa Madigan**  
*Attorney General of the State of Illinois*

**Service List**

represented by **Chief of Criminal Appeals**  
Attorney General's Office  
100 West Randolph  
12th Floor  
Chicago, IL 60601  
*ATTORNEY TO BE NOTICED*

**Prisoner Correspondence - Internal Use Only**  
Email: Prison1_ILND@ilnd.uscourts.gov  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 10/30/2007 | 1 | RECEIVED Petition for writ of habeas corpus and no copies (Exhibits) by Plaintiff Flora Karall. (smm) (Entered: 10/31/2007) |
| 10/30/2007 | 2 | CIVIL Cover Sheet. (smm) (Entered: 10/31/2007) |
| 10/30/2007 | 3 | APPLICATION and financial affidavit by Plaintiff Flora Karall for leave to proceed in forma pauperis (Exhibit). (smm) (Entered: 10/31/2007) |
| 10/30/2007 | 4 | MOTION by Plaintiff Flora Karall for appointment of counsel. (smm) (Entered: 10/31/2007) |
| 10/30/2007 | 5 | POST MARKED envelope for initiating document by Flora Karall (Document not scanned) (aew, ) (Entered: 11/02/2007) |
| 11/02/2007 | 6 | MINUTE entry before Judge Rebecca R. Pallmeyer :Flora Karall has filed a petition for a writ of habeas corpus, challenging her 1997 conviction for solicitation of murder and the resulting 32-year sentence. Ms. Karall acknowledges she filed an earlier petition with this court, which was dismissed as untimely on 5/26/05. Karall v. Robertson, no. 05 C 1063. This court will not entertain a second or successive petition for a writ of habeas corpus, which would in any event be doomed as untimely. This matter is dismissed. Motion to proceed in forma pauperis 3 and motion to appoint counsel 4 are denied.Mailed notice (smm) (Entered: 11/05/2007) |
| 11/21/2007 | 7 | (Court only) RECEIPT regarding payment of filing fee paid; on 11/21/2007 in the amount of $5.00, receipt number 10651084. (smm) (Entered: 11/26/2007) |
| 12/05/2007 | 8 | MINUTE entry before Judge Rebecca R. Pallmeyer :Pursuant to Minute Order of 11/2/2007, the above cause is dismissed. This order is final and appealable. Civil case terminated.Mailed notice (hp, ) (Entered: 12/06/2007) |
| 12/26/2007 | 9 | MOTION by Plaintiff Flora Karall for a certificate of appealability (Exhibits). (smm) (Entered: 12/29/2007) |
| 12/26/2007 | 11 | USDC docket entry #9 is to be construed as a NOTICE of appeal by Flora Karall regarding orders 9.(Fee Due) (dj, ) (Entered: 01/25/2008) |
| 01/02/2008 | 10 | MINUTE entry before Judge Rebecca R. Pallmeyer : Flora Karall seeks a certificate of appealability from this court's November 2, 2007 order dismissing her most recent habeas corpus petition. As explained in that order, the petition is a second or successive petition, and Ms. Karall has not sought leave to file it from the Court of Appeals. Any such petition would, in any event, be untimely. The petition for a certificate of appealability 9 is denied. Mailed notice (td, ) (Entered: 01/03/2008) |